UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGEL HERNANDEZ,
                    Plaintiff,
v.                                                                    9:04-CV-0552
                                                                      (LEK/GHL)
DONALD SELSKY,
                    Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

Angel Hernandez, 90-A-8576
   Plaintiff, *Pro Se*
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

HON. ELIOT L. SPITZER                                 DOUGLAS J. GOGLIA, ESQ.
Attorney General for the State of New York            Assistant Attorney General
   Counsel for Defendant
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

        This action has been referred to me for Report and Recommendation by the Honorable

Lawrence E. Kahn, United States District Judge, pursuant to Local Rule 72.3(c) and 28 U.S.C. §

636(b).  Angel Hernandez ("Plaintiff") commenced this *pro se* civil rights action against the

Department of Correctional Services' Director of Special Housing and Inmate Discipline, Donald

Selsky ("Defendant"), pursuant to 42 U.S.C. § 1983.  (Dkt. No. 1.)  Currently pending before the

Court is Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure (Dkt. No. 20), which Plaintiff has opposed (Dkt. No. 22).  For the reasons that follow,

I recommend that Defendant's motion be granted.

## I.       STANDARD ON MOTION TO DISMISS

A defendant may move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6).  To prevail on such a motion, the defendant must show "beyond doubt that the plaintiff

can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957) [citations omitted].[1]  A defendant may base this motion on

either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Rule

8(a)(2);[2] or (2) a challenge to the legal cognizability of the claim.[3]

---

[1]       *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") [internal quotation marks and citation omitted].

[2]       *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[3]       *See Swierkiewicz* 534 U.S. at 514 ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . .  In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a][2]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2005 U.S. Dist. LEXIS 6686 (S.D.N.Y. Apr. 20, 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim.") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y.

Rule 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a)(2) does not require a pleading to state the elements of a prima facie case,[4] it does require the pleading to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) (quoting *Conley*, 355 U.S. at 47).[5] The purpose of this rule is to "facilitate a proper decision on the merits." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Conley*, 355 U.S. at 48). A complaint that fails to comply with this rule "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion).[6]

---

Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01 Civ. 4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8(a), and the other aimed at the legal sufficiency of the claims).

[4]     *See Swierkiewicz* 534 U.S. at 511-512, 515.

[5]     *See also Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47); *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley*, 355 U.S. at 47).

[6]     Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history. *See*, *e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]); *U.S. v. Casado*, 303 F.3d 440, 449 n.5 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of

The Supreme Court has characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has rejected judicially established pleading requirements that exceed this liberal requirement. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-514 (2002) (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake."). However, even this liberal notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003); *see*, *e.g.*, *Dura Pharm.*, 125 S. Ct. at 1634-1635 (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).[7]

_____

*U.S. v. Terry*, 927 F.2d 593 [2d Cir. 1991]); *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 114 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of *Zitz v. Pereira*, 225 F.3d 646 [2d Cir. 2000]); *John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 57 (2d Cir. 2001) (citing, for similar purpose, unpublished table opinion of *Herman Miller, Inc. v. Worth Capitol*, 173 F.3d 844 [2d Cir. 1999]); *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *St. Charles Cable TV, Inc. v. Eagle Comtronics, Inc.*, 895 F.2d 1410 [2d Cir. 1989]); *Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 586 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *Planned Parenthood Fed'n of Am. v. Bucci*, 152 F.3d 920 [2d Cir. 1998]).

[7]     Several other decisions exist from the Second Circuit affirming the Rule 12(b)(6) dismissal of a complaint due to its insufficiency under Rule 8(a)(2) after *Swierkiewicz*. *See*, *e.g.*, *Johnson v. U.S.*, No. 03-6054, 2003 WL 22849896, at *1 (2d Cir. Dec. 2, 2003) (relying on pre-*Swierkiewicz* decision by the Second Circuit applying Rule 8[a] and Rule 12[b][6]); *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]). Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, I cite them because they clearly acknowledge the continued precedential effect, after *Swierkiewicz*, of cases from within the Second Circuit interpreting Rule 8(a)(2). *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) [citation omitted].  "This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Hernandez*, 18 F.3d at 136 [citation omitted].[8]  Indeed, "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) [internal quotation marks and citation omitted].[9]

Finally, when addressing a *pro se* complaint, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).[10]  Of course, an opportunity to replead should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."  *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile because the problem with plaintiff's cause of action was

---

by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

[8]    *See also Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) (affirming dismissal under Rule 12[b][6]) (internal quotations and citation omitted).

[9]    Of course, the liberal standard accorded to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended." *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y. 1980) [citations omitted], *accord*, *Gil v. Vogilano*, 131 F. Supp.2d 486, 491 (S.D.N.Y. 2001).

[10]    *See also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

substantive) [internal quotation marks and citation omitted]; *see also Cortec Indu., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal with prejudice) [citation omitted].

## II.    PLAINTIFF'S COMPLAINT

Liberally construed, Plaintiff's Complaint alleges that Defendant violated 42 U.S.C. § 1983 by depriving Plaintiff of his rights "secured by the Constitution and laws" when, on March 10, 2003, Defendant affirmed on administrative appeal Plaintiff's January 8, 2003, disciplinary hearing conviction at Clinton Correctional Facility (for using controlled substances) without first reviewing either an audio recording or a complete transcript of the disciplinary hearing.  (Dkt. No. 1, Part 1, ¶¶ 3.a., 3.b., 6.A., 6.E., 6.G., 6.I.-6.P., 7 [Plf.'s Compl.]; Dkt. No. 1, Parts 1-3 [Exs. 1-3 and 6-11 to Plf.'s Compl.].)

Although Plaintiff's Complaint contains no other express theory of liability against Defendant, his papers in opposition to Defendant's motion to dismiss assert that Defendant, by failing to supervise and/or train the disciplinary hearing officer, caused the alleged defects in Plaintiff's disciplinary hearing.  (Dkt. No. 22 at 3, 5, 13 [Plf.'s Opp. Papers.])  Because of my duty to liberally construe a *pro se* civil rights plaintiff's pleadings,[11] my duty to consider such a plaintiff's complaint as including the assertions contained in his papers filed in opposition to a motion to dismiss (to the extent those assertions are consistent with the allegations in the

---

[11]    *See Herandez*, 18 F.3d at 136; *Cruz*, 202 F.3d at 597.

plaintiff's complaint),[12] and the relatively early stage of this proceeding,[13] I liberally construe

Plaintiff's Complaint as also alleging (or attempting to allege) this theory of supervisory liability

against Defendant.

## III.    DEFENDANT'S ARGUMENT

Defendant argues that Plaintiff's Complaint should be dismissed for two reasons.  First,

Plaintiff did not have a right under the "Constitution and laws" to have a tape recording or

transcript of his disciplinary hearing considered on appeal (or even made in the first place).  (Dkt.

No. 20, Part 2 at 9-16 [Def.'s Mem. of Law].)  Second, Defendant is protected by qualified

---

[12]     "Generally, a court may not look outside the pleadings when reviewing a Rule
12(b)(6) motion to dismiss.  However, the mandate to read the papers of *pro se* litigants
generously makes it appropriate to consider plaintiff's additional materials." *Gadson v. Goord,*
96 Civ. 7544, 1997 WL 714878, at *1, n.2 (S.D.N.Y. Nov. 17, 1997).  Clearly, such additional
materials can include a plaintiff's papers opposing a defendant's motion to dismiss. *See Gil v.
Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering plaintiff's response affidavit on motion
to dismiss); *Fox v. City of New York*, 03 Civ. 2268, 2004 WL 856299, at *1 (S.D.N.Y. Apr. 20,
2004) (considering plaintiff's response papers–and "any other documents which are referenced in
his papers"--on motion to dismiss); *Wagnoon v. Johnson*, 02 Civ. 10282, 2003 WL 22384770, at
*1 (S.D.N.Y. Oct. 30, 2003) (considering plaintiff's response briefs on motion to dismiss);
*Johnson v. Wright*, 234 F. Supp. 2d 352, 356 (S.D.N.Y. 2002) (considering plaintiff's response
briefs on motion to dismiss); *Pritchett v. Artuz*, 99 Civ 3937, 2000 WL 4157, at *1 & n.2
(S.D.N.Y. Jan. 3, 2000) (consider plaintiff's response memorandum on motion to dismiss);
*George v. Lorenzo*, 98 Civ. 0769, 1999 WL 397473, at *1 & n.1 (S.D.N.Y. June 15, 1999)
(considering plaintiff's reply papers on motion to dismiss); *Burgess v. Goord,* No.98 Civ. 2077,
1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999) (considering plaintiff's response
memorandum on motion to dismiss); *Melo v. Coombe*, 97-CV-0204, 1998 WL 67667, at *1
(S.D.N.Y. Feb. 18, 1998) (considering plaintiff's response papers on motion to dismiss); *Gadson*,
1997 WL 714878 at *1, n.2 (considering plaintiff's response memorandum on motion to
dismiss); *Drake v. Delta Airlines, Inc.*, 923 F. Supp. 387, 389 (E.D.N.Y. 1996) (considering
plaintiff's response memorandum on motion to dismiss), *vacated in part on other grounds*, 147
F.3d 169 (2d Cir. 1998); *Alexander v. Coughlin*, 90 Civ. 3231, 1991 WL 150674, at *1
(E.D.N.Y. July 26, 1991) (considering plaintiff's opposition papers on motion to dismiss);
*Langert v. Festa*, 563 F. Supp. 692, 696 (E.D.N.Y.1983) (considering plaintiff's response
memorandum on motion to dismiss).

[13]     I note that no Answer has yet been filed in this action.

immunity.  (Dkt. No. 20, Part 2 at 16-17 [Def.'s Mem. of Law].)

Liberally construed, Plaintiff's papers in opposition to Defendant's motion address each of these two arguments.  First, Plaintiff argues that he has a right under the Due Process Clause of the Fourteenth Amendment and/or under 7 N.Y.C.R.R. § 254.8 (which sets forth the procedure for appealing a disciplinary conviction) to have a tape recording or transcript of his disciplinary hearing made and considered on administrative appeal.  (Dkt. No. 22 at 1, 12 [Plf.'s Opp. Papers].)  Second, Plaintiff argues that Defendant is not protected by qualified immunity because, as a supervisor of the disciplinary hearing officer, Defendant is liable for that hearing officer's failures during Plaintiff's disciplinary hearing, citing *Turpin v. Mailet*, 619 F.2d 196, 202 (2d Cir. 1980).  (Dkt. No. 22 at 3, 5, 13 [Plf.'s Opp. Papers].)

## IV.    DISCUSSION

### A.    Whether Plaintiff Had a Right Under the "Constitution and Laws" to Have a Tape Recording or Transcript of His Disciplinary Hearing Considered on Administrative Appeal

I agree with Defendant that Plaintiff had no right under the "Constitution and laws" to have a tape recording or transcript of his disciplinary hearing considered during his administrative appeal or his disciplinary conviction.

As Defendant correctly points out, courts have repeatedly held that the Fourteenth Amendment does not require *any* administrative review of disciplinary convictions.[14]  Moreover,

---

[14]    *See*, *e.g.*, *Wolf v. McDonnell*, 418 U.S. 539, 563-570 (1974) (not listing right to appeal among due process requirements of disciplinary hearing), *accord*, *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004); *Amato v. Ward*, 41 N.Y.2d 469, 473, 393 N.Y.S.2d 934, 937 (N.Y. 1977) ("This type of administrative review [of prison disciplinary hearings pursuant to New York State regulations] is not required by the Federal Constitution.") (citing *Wolf v. McDonnell*), *accord*, *Giovanni v. Lynn*, 48 F.3d 908, 911 n.7 (5th Cir. 1995) ("Nor, indeed, is provision for appeal, following an [otherwise] adequate [disciplinary] hearing, required under the more

8

courts have repeatedly held that, where such administrative review is conducted, the Fourteenth

Amendment does not require the review of (much less the existence of) a tape recording or

transcript of the disciplinary hearing.[15]  Rather, all that is required by the U.S. Constitution is the

existence of "some evidence in the record" in support of the disciplinary conviction.[16]  Here,

even liberally construed, Plaintiff's Complaint acknowledges the existence of at least "some

evidence" in support of his disciplinary conviction.[17]

   Nor does any New York State regulation create the right that Plaintiff claims in this

_____

stringent standards of *Wolf v. McDonnell* . . . .").

[15]     *See, e.g.*, *Dixon v.* Goord, 224 F. Supp.2d 739, 744 (S.D.N.Y. 2002) ("According to *Wolff*, the only written or audio record of a disciplinary hearing that must be maintained to comply with minimal due process standards is a written statement describing the evidence relied upon and the reason for the determination. . . .  The Court therefore agrees with Defendants that any alleged defect in the tape would not rise to the level of a constitutional violation."); *Cherry v. Selsky*, 99-CV-4636, 2000 U.S. Dist. LEXIS 9451, at *15-16 (S.D.N.Y. July 7, 2000) ("This allegation [that defendant failed to review the audio tape recording of the disciplinary hearing, prior to affirming the decision of the hearing officer], without more, is insufficient to state a claim for violation of a liberty interest."); *Afrika v. Selsky*, 750 F. Supp. 595, 600, 602 (S.D.N.Y. 1990) (granting defendant's motion for summary judgment because, among other reasons, plaintiff had no liberty interest in the review of an audio tape of his disciplinary hearing as part of his administrative appeal, stating that "because both the hearing and review reached the minimal standards, [defendant] did not violate [plaintiff's] liberty interest in not being confined without due process"); *Brito v. Coughlin*, 88-CV-8064, 1989 WL 241718, at *2 (S.D.N.Y. July 31, 1989) ("[The due process clause] does not require, however, that a transcript be made or given to an inmate after a disciplinary hearing.").

[16]     *See Wolf*, 418 U.S. at 563-566; *Sira*, 380 F.3d at 69.

[17]     (Dkt. No. 1, Part 1, ¶ 6.E. [Plf.'s Compl., summarizing the evidence that the disciplinary hearing officer asserts he relied upon]; Dkt. No. 1, Part 2 [Ex. 2 to Plf.'s Compl., attaching a portion of the written disciplinary hearing decision, which details the evidence that the disciplinary hearing officer asserts he relied upon]; *see also* Dkt. No. 20, Part 4 at 4-5, 7-12 [Ex. A to Selsky Decl., attaching the remainder of the aforementioned written disciplinary hearing decision, and the documents referenced therein, all of which were incorporated into Plaintiff's Complaint by reference in that Complaint--for example at Dkt. No. 1, Part 1, ¶¶ 6.A., 6.E., etc.].)

action.  As an initial matter, Plaintiff's reliance on 7 N.Y.C.R.R. § 254.8 is misplaced.  That

regulation nowhere explicitly, or implicitly, requires that either a tape recording or transcript be

available and reviewed on administrative appeal.  *See* 7 N.Y.C.R.R. § 254.8.  Rather, Plaintiff

should have relied on 7 N.Y.C.R.R. § 254.6, which expressly states that "[t]he entire

[disciplinary] hearing must be electronically recorded."  7 N.Y.C.R.R. § 254.6(a)(2).  In any

event, two problems exist with relying on a violation of this regulation to state a claim under 42

U.S.C. § 1983.

First, just because a disciplinary hearing must be electronically recorded does not mean

that the electronic recording must be reviewed on administrative appeal.  Second, and more

importantly, 7 N.Y.C.R.R. § 254.6 is merely a *state regulation*, not a *federal law*–the source of

the rights protected by 42 U.S.C. § 1983.  *See* 42 U.S.C. § 1983 (protecting persons from

"deprivation[s] of any rights, privileges, or immunities secured by *the Constitution and laws*")

(emphasis added).[18]  It is well established that a violation of a state regulation, in and of itself,

does not give rise to liability under 42 U.S.C. § 1983.[19]

_____

[18]        *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) ("The terms of § 1983
make plain two elements that are necessary for recovery.  First, the plaintiff must prove that the
defendant has deprived him of a right secured by the 'Constitution and laws' *of the United
States*.") (emphasis added); *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985) ("Recovery
under 42 U.S.C. § 1983 . . . is premised upon a showing, first, that the defendant has denied the
plaintiff a constitutional or *federal* statutory right. . . .") (citation omitted; emphasis added).

[19]        (Dkt. No. 20, Part 2 at 10 [Def.'s Mem. of Law, citing cases in support of
proposition].)  *See Dixon*, 224 F. Supp.2d at 744 ("While New York State law requires that an
electronic record of a disciplinary hearing be maintained, 7 N.Y.C.R.R. § 254(b), such a record is
not constitutionally required."); *see also Doe v. Conn. Dept. of Child & Youth Servs*., 911 F.2d
868, 869 (2d Cir. 1990) ("[A] violation of state law neither gives [plaintiff] a § 1983 claim nor
deprives defendants of the defense of qualified immunity to a proper § 1983 claim."); *Patterson*,
761 F.2d at 891 ("[A] state employee's failure to conform to state law does not in itself violate
the Constitution and is not alone actionable under § 1983 . . . .") (citation omitted); *Murray v.*

As a result, I recommend that Plaintiff's failure-to-review-a-tape-recording claim be dismissed.

**B.      Whether Defendant Is Protected by Qualified Immunity**

Because I conclude that Plaintiff did not have a right under the "Constitution and laws" of the United States[20] to have a tape recording or transcript of his disciplinary hearing considered on his administrative appeal, I need not reach the merits of Defendant's alternative argument that Plaintiff's Complaint should be dismissed because Defendant is protected by qualified immunity. However, I note that, if I were to reach the merits of that argument, I would agree with Defendant that, even if he committed the acts alleged in the Complaint, he did not violate a "clearly established statutory or constitutional right of which a reasonable person would have known" for the reasons stated in Defendant's Memorandum of Law and the for reasons stated above.  (Dkt. No. 20, Part 2 at 16-17 [Def.'s Mem. of Law]; *see also*, *supra*, notes 14-19.)

---

*Michael*, 03-CV-1434, 2005 WL 2204985, at *10 (N.D.N.Y. Sept. 7, 2005) (DiBianco, M.J.) ("[A]ny violations of state regulations governing the procedures for disciplinary hearings . . . do not rise to the level of constitutional violations.") (citation omitted); *Rivera v. Wohlrab*, 232 F. Supp.2d 117, 123 (S.D.N.Y. 2002) ("[V]iolations of state law procedural requirements do not alone constitute a deprivation of due process since '[f]ederal constitutional standards rather than state law define the requirements of procedural due process.'") (citing *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 [2d Cir. 1990]).

[20]      *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) ("The terms of § 1983 make plain two elements that are necessary for recovery.  First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' *of the United States*.") (emphasis added).

11

**C.     Whether Defendant Is Liable for the Alleged Constitutional Violations
(Other than Those Regarding the Lack of a Tape Recording) Due to
Defendant's Status as a Supervisor of Plaintiff's Hearing Officer**

My evaluation of Defendant's two arguments in their Memorandum of Law does not end

my analysis of this motion to dismiss, since (as explained above) I have liberally construed

Plaintiff's Complaint as also alleging that Defendant, by failing to supervise and/or train

Plaintiff's disciplinary hearing officer, caused the alleged defects in Plaintiff's disciplinary

hearing.

After due consideration, I conclude that this allegation fails to state a claim.  Setting aside

the fact that Defendant would be protected by qualified immunity with respect to any right except

a "clearly established statutory or constitutional right of which a reasonable person would have

known,"[21] I find it beyond doubt that Plaintiff can prove no set of facts in support of his claim

that would entitle him to relief.  The sole case Plaintiff cites in support of his implicit argument

that he has stated a valid claim against Defendant as a supervisor (i.e., *Turpin v. Mailet*, 619 F.2d

196, 202 [2d Cir. 1980]) is clearly distinguishable.[22]  More analogous to the instant case are the

---

[21]     *See Young v. Selsky*, 41 F.3d 47, 54, 56 (2d Cir. 1994) (stating that issue in action
under 42 U.S.C. § 1983 against Defendant Selsky, who was supervisor and trainer of disciplinary
hearing officers, was whether Selsky was entitled to qualified immunity, not absolute immunity);
*Richardson v. Selsky*, 5 F.3d 616, 623-624 (2d Cir. 1993) (holding that Defendant Selsky was
protected by qualified immunity in action that was brought under 42 U.S.C. § 1983 and based on
his review of the plaintiff's disciplinary hearing conviction).

[22]     In *Taupin*, the Second Circuit held that the plaintiff stated a valid claim under 42
U.S.C. § 1983 against a supervisor (a city) in connection with an unlawful arrest he experienced
because the plaintiff alleged that the unlawful arrest was the *second* such arrest he experienced
(by city employees), thus permitting an inference that the city had an official policy that
authorized, approved of, or encouraged the arrests.  *Turpin*, 619 F.2d at 202.  Here, Plaintiff has
alleged that he experienced only *one* unlawful disciplinary conviction.  (*See generally* Dkt. Nos.
1, 22.)  Granted, in reaching its conclusion, the Second Circuit stated, "[A] single, unusually
brutal or egregious beating administered by a group of municipal employees may be sufficiently

cases that specifically address the relatively common issue created (in prisoner civil rights cases) by Defendant Selky's role as DOCS' Director of Special Housing and Inmate Discipline; these cases frame the issue as one concerning Mr. Selsky's *personal involvement* in the alleged underlying constitutional deprivation.[23]  Such cases set forth the five categories of involvement that could subject a supervisor such as Mr. Selsky to liability: (1) direct participation in the constitutional deprivation; (2) failure to remedy a constitutional deprivation after learning of it; (3) creating a policy or custom under which constitutional deprivations occur, or ignoring the existence of such a policy or custom; (4) gross negligence in managing subordinates; or (5) exhibiting deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.[24]

Here, I can imagine no set of facts, consistent with Plaintiff's Complaint (and response papers), that would inflate and shape Plaintiff's failure-to-supervise claim so that it would fit into one of these five categories.  Specifically, I do not liberally construe Plaintiff's Complaint (and

---

out of the ordinary to warrant an inference that it was attributable to inadequate training or supervision amounting to deliberate indifference or 'gross negligence' on the part of officials in charge." *Taupin*, 619 F.2d at 202 (citations omitted).  However, I conclude that, as alleged, Plaintiff's disciplinary conviction does not fall into this category (e.g., "unusually brutal or egregious," "administered by a group of . . . employees," "sufficiently out of the ordinary," etc.).

[23]       *See*, *e.g.*, *Durran v. Selsky*, 251 F. Supp.2d 1208, 1212-1213, 1215 (W.D.N.Y. 2003) (granting motion for summary judgment brought by "supervisory defendants," including Defendant Selsky as Director of Special Housing, in action brought under 42 U.S.C. § 1983 concerning disciplinary hearing conviction and appeal therefrom); *Vasquez v. Coughlin*, 726 F. Supp.2d 466, 473-474 (S.D.N.Y. 1989) (granting motion for summary judgment brought by "supervisory defendants," including Defendant Selsky as Director of Special Housing, in action brought under 42 U.S.C. § 1983 concerning disciplinary hearing conviction and appeal therefrom).

[24]       *See*, *e.g.*, *Durran*, 251 F. Supp.2d at 1212-1213.

response papers) as alleging that Defendant "directly participated" in the alleged constitutional deprivations due to Defendant's having affirmed Plaintiff's disciplinary hearing conviction.[25] Nor do I liberally construe Plaintiff's Complaint (and response papers) as alleging that Defendant "failed to remedy" a constitutional deprivation after learning of it.[26]  (I note that, as described above, the absence of a hearing tape is not a constitutional deprivation.)  Nor do I liberally construe Plaintiff's Complaint (and response papers) as alleging that Defendant created or ignored any sort of "policy or custom" under which the alleged constitutional deprivations occurred, or that such a policy or custom even existed.[27]  Nor do I liberally construe Plaintiff's Complaint (and response papers) as alleging that Defendant exhibited "deliberate indifference" to Plaintiff's rights by failing to act on information indicating that the alleged constitutional deprivations were occurring.[28]  (Again, I note that the absence of a hearing tape is not a constitutional deprivation.)

Rather, I liberally construe Plaintiff's Complaint (and response papers) as alleging that

---

[25]      (Dkt. No. 22 at 3, 5, 13 [Plf.'s Opp. Papers] [not asserting that Defendant was liable for having affirmed Plaintiff's disciplinary hearing conviction]; Dkt. No. 22 at 13 [Plf.'s Opp. Papers] [appearing to acknowledge that Defendant "was not directly involved" in Plaintiff's disciplinary hearing].)

[26]      (Dkt. No. 22 at 5 [Plf.'s Opp. Papers] [asserting merely that "It is reasonable to infer that Defendant Selksy did know – or that a reasonable person in his *situation would have know that the hearing tape was no good to *reviewed."] [typographical errors in original])

[27]      (Dkt. No. 22 at 3, 5, 13 [Plf.'s Opp. Papers] [nowhere using the words "policy or custom" or alleging a pattern of alleged constitutional deprivations by Defendant against Plaintiff or anyone].)

[28]      (Dkt. No. 22 at 3, 5, 13 [Plf.'s Opp. Papers] [nowhere alleging such a state of mind or even indicating that Defendant was made aware of any conduct that subsequently was deemed to constitute a "constitutional violation"]; Dkt. No. 1 at ¶ 6.G [Plf.'s Compl.] [acknowledging that Defendant "reviewed" Plaintiff's disciplinary hearing conviction].)

Defendant was "personally involved" in the alleged constitutional violations by being "grossly

negligent" in the managing of Plaintiff's disciplinary hearing officer, i.e., Chief Hearing Officer

Diown.[29]   However, there are two problems with this claim.  First, there is a conspicuous

omission of factually specific allegations in Plaintiff's papers concerning the alleged

inadequacies of Defendant's training and/or managing of Chief Hearing Officer Diown.[30]

Second, Plaintiff actually acknowledges that "Defendant . . . closely supervises his

subordinates."[31]  As a result, all that  remains, in my view, is either an uncognizable allegation of

supervisory liability or an utterly conclusory allegation that Defendant was personally involved in

the alleged constitutional deprivations, which is insufficient to state a claim.[32]

---

[29]      (Dkt. No. 22 at 5 [Plf.'s Opp. Papers] [citing a case for the proposition that "official's may be held liable for *'adequately training' or supervising their employee's."] [typographical errors in original]; Dkt. No. 3, 5, 13 [repeatedly alleging that Defendant is liable because he is a "supervisor" of those who conduct disciplinary hearings].)

[30]      (Dkt. No. 22 at 3, 5, 13 [Plf.'s Opp. Papers] [nowhere alleging that Defendant failed to manage or train Plaintiff's disciplinary hearing officer].)

[31]      (Dkt. No. 22 at 5 [Plf.'s Opp. Papers].)

[32]      *See Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir. 1987) (reversing denial of motion to dismiss for failure to state claim where complaint merely alleged in conclusory language that defendant failed to adequately train or supervise the officers involved); *Gill v. Riddick*, 03-CV-1456, 2005 U.S. Dist. LEXIS 5394, at *44 (N.D.N.Y. March 31, 2005) (Treece, M.J.) (recommending that defendant's motion to dismiss be granted because, among other reasons, plaintiff's "bald assertion" that Defendant Rosado was personally involved in alleged retaliation against plaintiff was "wholly conclusory"); *Atkins v. Goord*, 01-CV-0057, 2002 U.S. Dist. LEXIS 19907, at *5-6 (N.D.N.Y. March 20, 2002) (Sharpe, M.J.) (recommending that defendant's motion to dismiss be granted because plaintiff alleged conclusorily that defendant was personally involved in the alleged constitutional deprivations due to the fact that he had the "overall responsibility" for all the correctional facilities within DOCS); *Daniels v. Jennings*, 97-CV-0681, 1998 U.S. Dist. LEXIS 3850, at *4 (N.D.N.Y. March 26, 1998) (Pooler, D.J.) (granting motion to dismiss where plaintiff failed to allege "sufficient evidentiary facts" in support of his conclusory claim that defendants were personally involved in the alleged constitutional deprivations because they were "responsible for the behavior and repremand [sic]

As a result, I recommend that Plaintiff's failure-to-supervise claim also be dismissed.  I note that the Court has the authority to dismiss this claim *sua sponte*, under the Federal Rules of Civil Procedure.  *See*, *e.g.*, Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  In addition, I note that Defendant did not have an opportunity to move to dismiss this claim since Defendant did not have notice of this claim until *after* he had finished briefing his motion to dismiss (when I found the claim mentioned in Plaintiff's Reply papers).

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's motion to dismiss (Dkt. No. 20) be **<u>GRANTED</u>**; and it is further

**RECOMMENDED** that Plaintiff's Complaint be **<u>DISMISSED</u>** in its entirety; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

---

of the officers involved"); *Pravda v. City of Albany, N.Y.*, 956 F. Supp. 174, 182 (N.D.N.Y. 1997) (Scullin, D.J.) (granting defendants' motion for judgment on pleadings, where *pro se* plaintiff's "conclusory allegations" that county jail superintendent and county sheriff were responsible for supervising corrections officers involved in abuse were "insufficient to establish the personal involvement of these individual Defendants in Plaintiff's alleged constitutional deprivations.").

Dated: January 18, 2006
        Syracuse, New York

George H. Lowe
United States Magistrate Judge